**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DAVID ANTHONY COOKS, 01468164,**  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>**RICK THALER, Director, Texas**  )<br>**Dept. Of Criminal Justice, Correctional**  )<br>**Institutions Division,**  )<br>Respondent.  ) | No. 3:10-CV-0015-P |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**PROCEDURAL BACKGROUND**

Petitioner challenges his conviction for robbery in this habeas corpus proceeding brought under 28 U.S.C. § 2254.  *State of Texas v. David Anthony Cooks*, F-07-72075-U (291st Jud. Dist. Ct., Dallas County, Oct. 25, 2007).  He was sentenced to five years in prison.  On October 21, 2008, the Texas Court of Criminal Appeals affirmed Petitioner's conviction and sentence.  *Cooks v. State*, No. 05-07-01575-CR, 2008 WL 4635857 (Tex. App. – Dallas 2008).  Petitioner did not file a timely petition for discretionary review.

On May 8, 2009, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte Cooks*, No. 72,613-01.  On September 2, 2009, the Texas Court of Criminal Appeals dismissed the petition as noncompliant.

On December 30, 2009, Petitioner filed the instant § 2254 petition. On April 9, 2010, Respondent filed his answer. On January 21, 2011, Petitioner filed a reply. The Court determines the petition should be dismissed for failure to exhaust state remedies.

## EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner filed a petition for discretionary review on March 3, 2009. This petition was filed after the thirty day deadline. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing). Consequently, the Court of Criminal Appeals did not review the petition. On May 8, 2009, Petitioner filed a state habeas petition. This petition did not comply with Texas Rule of Appellate Procedure 73.1. The Court of Criminal Appeals therefore dismissed the petition without reviewing the merits. Petitioner has not properly presented his claims to the Texas Court of Criminal Appeals and has therefore failed to exhaust his state remedies.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 28th day of June, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).